■Judge Underwood,
delivered the opinion of the court.
Is 1805, Joseph K. Glenn, then unmarried, executed an obligation to Smith, for the conveyance of sixty acres of land.
Afterwards, to-wit: in November, 1807, Glenn coir-veyed the land to Smith* Previous to the date of the 'conveyance, and subsequent to the execution of the obligation, Glenn married Mary, the wife at present of Stevens, she having since the death of Glenn, married -'Stevens. Said Mary did notunite with her former husband Glenn, in the execution of the deed to Smith. Since Glenn’s death, Stevens and wife have filed their bill agáinst Smith; praying for an assignment of dower, in the sixty acres of land, and the only question presented by the record, is the validity of Mrs. "Stevens’ claim to dower, in virtue of her former marriage with Glenn.
By the common law, three things were necessary to vest in a woman a right to dower* 1st. That her husband, at some time, during the existence of the coverture should have been seized of the lands, in which dower is claimed, either in fee simple, or fee tail. 3d. Marriage. And 3d. The death of the husband, leaving the wife. There are, nevertheless, exceptions to these general propositions. A woman, for example, shall not be endowed, both of the land given in exchange, and of the land taken in exchange, and yet the husband was seized 'of both; I Institute, 31,b*
Maybe'endowed where g^ed^ tow-husband cannot be tenant ^ nn*¿°Uwife be seized in deed,
Before statute °rtheXifeof" feoffee to user, nor the wife of nutlet todower in the estate so lie^'
According to the facts in the present cáse, Gélnnhad an actual seisin of the land conveyed to Smith, prior to his marriage with Mrs. Stevens. The possession in fact, of the sixty acres was transferred to Smith before the marriage, and never, during the existence of the cover-ture, did Glenn have actual possession of the sixty acres.
Before the conveyance executed, in 1807, and subsequent to the execution of the bond for a title, in 1805, Glenn was legally seized in fee of the land, and while thus seized, the marriage took place, but notwithstanding, such seisin, it is manifest, that he had no beneficial possession. By the contract with Smith, and the delivery of the possession to him, for his use and benefit, Glenn divested himself of the use and enjoyment of the land, and transferred it to Smith.
According to Coke, I Institute, 31, a woman shall be endowed, where the husband is seized in law, as well as where the seisin is in deed, or a natural seisin; or in other words, where the husbandis in actual possession, holding a fee simple title. But a man cannot become tenant by the courtesy, unless tire wife be seized in deed. It is not material to dwell on the reason for the difference, As then, Glenn was seized in law, of an estate in fee simple, in the sixty acres, when, the marriage existed, it conclusively follows, that Mrs-. Stevens is entitled to dower therein, unless the contract between Glenn and Smith, of 1.805, and the delivery of the actual possession of the land, to the latter, so operates as to destroy the right of Mrs. Stevens
In the case of Winn, &c. vs. Elliot’s widow, &c., Hardin, 482, it is said, “that before the statute of 27 Henry VIII, commonly called the statute of uses, the wife of the feoifee to uses was not to be endowed of the estate so held in confidence, to the use of another, because the hvsband had no beneficial interest; and the wife of the cestui qua wc, was not to be endowed, because there was no trust or benefit declared for her in the original grant. “The effect of the statute of uses, was to convert the interest of the cestui qua use, into a legal, instead of an equitable ownership, and all the legal consequences of estates, dower amongst-the rest; at once attached.” Thus the marital rights of women, by the operation of this statute of Henry VIH, were so enlarged as to entitle them to dower in estates conveyed *66 for uses. How this statute was evaded by the scruples ^ie oommon law judges, notwithstanding, the comprehensive terms used, and how trusts followed uses, are ■mailers explained by Blackstone, in his II vol. 335.
At common law, wife wasnot entitled to dower in a ■hust estate.
Act of 1796, of dower in* respect to trust estates. wífífof °irustee has no right to dower in OT tui que trust iTnih-'scour" toy ■estate.
The doctrine in relation to dower in trust estates, at common law, is well settled by numerous adjudica» lions. A woman could not be endowed of a trust estate, bice the English authorities referred to in note 183, on I Institute; see also the case of Claibourn vs. Henderson, III Hen. and Mun. 322, and likewise the case of Bailey and wife vs. Duncan’s representatives, &c. IV Monroe, 261, as well as that of Winn, &c. vs. Elliott’s widow, already referred to. To impart to trust estates a dowable quality was an object of the Virginia legislature, as early as 1785.
In 1796: our legislature re-enacted the provisions of our parent state on this subject; seethe 14-th section of the act, 1 Digest, 315.
Thus the provisions of these statutes have changed the law of dower, in respect to trust estates. Rut it is imPorl'aut to notice, that these statutes do not give the wile of the trustee, a right of dower in the trust estate, It is the husband or wife of the cestui que use, or cestui ?Ui: trust aI°ue; who by virtue of the statute shall have, and held, courtesy or dower in the use or trust estate, These acts of Virginia and Kentucky, place the wives of cestui que trust, upon the same footing, in respect to wdiich the statute of the 27 Henry VIII, ef fected in relation to uses. In the case of Winn, &c. vs. Elliott's widow, &c. the court left the question open, a wife was entitled to dower in an inchoate estate, not reduced to a legal one during the coverture. This question fairlypresented itself in the case of Bailey and wife vs. Duncan’s representatives, and was settled ■ in favour of the wife’s right.
The court use this language:
‘siu deciding upon the question, under consideration, ' the main, and only inquiry for the court is, to ascertain whether or not, it was intended by the makers of the ■ act, (to-wil, that oí' 1707,) to authorize a wife Lo recover dower-in lands, to which the husband had, at his death, an indisputable right in equity to a conveyance of the ■fee simple estate,though the right he derived under an *67 executory contract fertile title,and not resulting from an use or trust, expressly declared by deed. With respect to trusts of the latter sort, the provisions of the act are too explicit, in favour of the wife’s right, to admit of a difference of opinion; and, if we advert, as we should do, to the old law as it stood at the passage of the act, the mischief which must have actuated the legislature in making the change, and the remerly, which the act has provided, weapprehendbut little doubt, will he entertained as to the propriety of giving such a construction to the act, as will embrace all trusts, whether expressly declared by deed, or resulting from executory contracts, by construction of courts of equity.”
Wifoisenti-lo band bad at his death, right in equity, to conveyance of the fee simple, tho’ his right be derived under an executor)/ contract for the title, and does not result from a use, or trust declared by deed.
Where husband has before marriage, given an unconditional-bond for con-voyance of ti-deeinpo.wes-siim, wife is in such cáse husband is conrilt1,el'e^ as or tjt]e ^01-der for use of 8en¿fC js ¡n.' such case,, en-to d°w-
]ien ior purchase mo-vendor,Tn such case, win entitle At* wife to <;'c,,7Rr, .
An application of this doctrine would give the wife of Smith, if he had one, and if he had died between the date of his title bond in 1805, and his deed in 1807, a right to dower in the sixty acres of land.
Glenn’s obligation was for an unconditional conveyance of the title. lie was bound by the terms of his obligation to make the conveyance presently. In equity, therefore, he was the trustee, and the mere title-holder for Smith’s use. Smith’s wife was entitled to dower under the statute in this trust estate, resulting from the executory contract. The same principles which convert the estate into a trust, so that the statute operates upon it in favour of Smith’s wife, brings the case within the influence of those doctrines of the law, which ex-elude the right of the traslee’s wife to demand dower. Here then, before Mrs. Stet*ens’s intermarriage with Glenn, he had, by a contract, entered into upon ample and valuable consideration, become m equuy, the trustee and legal title-holder for Smith’s use, and thereby placed himself in a situation in which the property, so held by him in trust, could not thereafter be incumbered by the dower claim, of any woman he might marry, Por as already remarked, the law excluding the dower claims of the wives of mere trustees, was not altered- by the statute, so as to better their condition.
The wives of cestui qua trust alone, were benefitted by the change.
It is worthy of remark, that the equity of Smith, founded upon an executory contract originated before Mrs. Stevens married Glenn. From theface of Glenn’s *68 bond for a title, be ought to have made the conveyance before his marriage. Equity often considers that as done, which ought to have been done.
John Trimble, for plaintiff; Wall, for defendant.
Glenn could have had no pretext for withholding the title, unless it might have been to secure the payment of the purchase money. It does not appear, that any lien on the land, for that purpose, existed. If it did appeal*, such a lien could not be regarded as abeneiicial interest, coupled with the title, so as to give Mrs. Stevens a right of dower. It would be no more than the attitude of a mortgagee, who holds the title to secure his debt, without conferring on his wife a right to dower.
It is laid down by Coke, I Institute, 316, that “a woman shall not be endowed by a seisin for an instant.” This court,in the case of Tevis vs. Steele, IV Monroe, 340, considering this doctrine with great propriety, in our opinion, lay more stress upon the nature of the interest, than upon the duration of the seisin.
Looking to the true nature of the interests of the respective parties in the present case, under all the circumstances, it seems to be in conformity to the principles of equity, and the, adjudged cases, to regard the beneficial seisin, which once existed in Glenn, asavoidedby his ex-ecutory contract with Smith, and the estate invested into a trust, of which Glenn’s wife, now Mrs. Stevens, cannot be endowed; but in which Smith’s wife, under the statute, might claim dower. Had Mrs. Stevens been the wife of Glenn at any time, when he was beneficially seized, the law and jusíicé of the case would have been for her.
As the facts are, thej'decree is affirmed with costs.